IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

v. NO. 3:26-CR-00095-GHD-RP

PRESTON LEWIS DEFENDANT

# OPINION

Presently before the Court is the Defendant's motion to dismiss the Indictment [17]. The Government has filed a response in opposition to the motion. The matter is now ripe for review. Upon due consideration, the Court finds the motion is not well taken and should be denied.

On June 25, 2026, a federal grand jury returned a two-count indictment against the Defendant for possession of child pornography and possession of obscene materials, in violation of 18 U.S.C. §§ 2252A(a)(5)(b) and (b)(2) and 18 U.S.C. §§ 1466A(a)(1) and (d)(4) [1]. The government alleges that the Defendant, who was a substitute teacher at Hernando High School, took photographs of students while at school and digitally altered ("morphed" or "AI generated") a number of the photographs to make the students appear nude. The Defendant argues that no actual nudity appears in the photographs.

The Defendant moves to dismiss the Indictment, asserting that the subject images allegedly produced by the Defendant do not contain sexually explicit conduct and thus do not constitute child pornography.

Whether a motion to dismiss an indictment under Fed. R. Crim. P. 12(b) should be granted is "contingent upon whether the infirmity in the prosecution is essentially one of law or involves determination of fact." *United States v. Korn*, 557 F.2d 1089, 1090 (5th Cir. 1977) (quoting *United States v. Miller*, 491 F.2d 638, 647 (5th Cir. 1974) ). A court cannot dismiss an indictment "on a

determination of facts that should have been developed at trial." *United States v. Torkington*, 812 F.2d 1347, 1354 (11th Cir. 1987) (citing *Korn*, 557 F.2d at 1090-91). In other words, the Court lacks the authority "to dismiss [an indictment] on the basis of a sufficiency-of-the-evidence defense which raises factual questions embraced in the general issue." *United States v. Mann*, 517 F.2d 259, 267 (5th Cir. 1975).

The Defendant has been charged pursuant to 18 U.S.C. § 2252A(a)(5)(b) and 1466A(a)(1) based on images he created that the Government alleges constitute "morphed child pornography." Courts have defined morphed child pornography as images created using faces of actual minors with AI-generated bodies engaged in sexually explicit conduct. "Sexually explicit conduct" is defined as, *inter alia*, the "graphic or simulated lascivious exhibition of the anus, genitals, or pubic area of any person." 18 U.S.C. § 2256(2)(B)(iii); *see also* 18 U.S.C. § 1466A(f)(2) (adopting the definition of "sexually explicit conduct" to have the same meaning set forth in Section 2256(2)(B)). A "lascivious exhibition" is "a depiction which displays or brings forth to view in order to attract notice to the genitals or pubic area of children, in order to excite lustfulness or sexual stimulation in the viewer." *United States v. Steen*, 634 F.3d 822, 828 (5th Cir. 2011) (quoting *United States v. Grimes*, 244 F.3d 375, 381 (5th Cir. 2001)). Courts often use the six factors enumerated in *United States v. Dost*, 636 F. Supp. 828 (S.D. Cal. 1986), to determine whether a depiction is lascivious. *United States v. McCall*, 833 F.3d 560, 563 (5th Cir. 2016) (citing *Steen*, 634 F.3d at 826). Those factors are:

1) whether the focal point of the visual depiction is on the child's genitalia or pubic area;

2) whether the setting of the visual depiction is sexually suggestive, i.e., in a place or pose generally associated with sexual activity;

3) whether the child is depicted in an unnatural pose, or in inappropriate attire, considering the age of the child;

4) whether the child is fully or partially clothed, or nude;

5) whether the visual depiction suggests sexual coyness or a willingness to engage in sexual activity; [and]

6) whether the visual depiction is intended or designed to elicit a sexual response in the viewer.

*Id.* This list, however, is "not exhaustive and no one factor is dispositive." *Id.*

The Defendant argues that the subject images are legally insufficient to qualify as sexually explicit conduct or "lascivious exhibitions." The Court finds this determination requires the consideration of evidence presented at trial. In other words, the Defendant seeks to have the Court make a pre-trial determination of fact rather than one of law and find the Government's evidence is insufficient, which the Court cannot do at this juncture. *Mann*, 517 F.2d at 267. To determine whether a depiction is lascivious requires analyzing both the depiction itself and whether the creator intended to elicit a sexual response out of the depiction. See *McCall*, 833 F.3d at 563. Those findings must be drawn from evidence presented at trial. "The court 'simply cannot approve dismissal of an indictment on the basis of predictions as to what the trial evidence will be.' " *United States v. Ferro*, 252 F.3d 964, 968 (8th Cir. 2001); *United States v. Wilbanks*, No. 1:18CR00064-GHD-DAS, 2018 WL 3076736, at *1–3 (N.D. Miss. June 21, 2018). Rather, the Court must allow the government "to marshal and present its evidence at trial, and have its sufficiency tested by a motion for acquittal." *Id.* Accordingly, the Defendant's present motion to dismiss the Indictment must be denied at this juncture.

For all the foregoing reasons, the Court finds that the Defendant's motion [17] to dismiss

the Indictment should be denied.

A separate order in accordance with this opinion shall issue this day.

THIS, the 23rd day of November, 2026.

SENIOR U.S. DISTRICT JUDGE